# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| JEAN-CLAUDE JOSPITRE | : | DOCKET NO. 2:06-cv-1104 Section P |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| ALBERTO GONZALES, ET AL. | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Jean-Claude Jospitre, pursuant to 28 U.S.C. § 2241. By this petition, Petitioner challenges his post-removal-order detention. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. §636(b)(1)(B).

Petitioner is a native and citizen of Haiti. He entered the United States as an immigrant on August 6, 1970. *See* Government Exhibit 1.

On August 30, 2004, petitioner was served with a Notice to Appear, charging him with being removable on the basis of a Massachusetts state court conviction for assault and battery for which petitioner was sentenced to a term of imprisonment for more than one year. *See* Government Exhibit 2. Petitioner was taken into custody by the U.S. Immigration & Customs Enforcement (ICE) on February 23, 2005, and it was determined that pursuant to the authority of INA § 236, he would remain in custody pending his removal proceedings. *See* Government Exhibit 6. His application for a change in custody status was denied by an immigration judge on March 15, 2005. *See* Government Exhibit 7.

On August 8, 2005, petitioner was ordered removed to Haiti, and his applications for relief were denied. *See* Government Exhibits 8 & 9. Petitioner appealed this decision to the Board of Immigration Appeals (BIA). The BIA affirmed the decision on December 23, 2005. *See* Government Exhibit 14.

Following petitioner's removal order, ICE began requesting a travel document for petitioner from the Consulate General of Haiti. *See* Government Exhibits 10 & 15. Petitioner has been subject to at least two post-order custody reviews undertaken pursuant to 8 CFR § 241.4. Following the most recent post-order custody review, a Decision to Continue Detention was issued on April 20, 2006. *See* Government Exhibit 20. The stated reasons for the decision to continue petitioner in detention included the fact that the Consulate General of Haiti had indicated a willingness to issue a travel document for petitioner, thereby making him a flight risk, and his extensive criminal history which caused him to be considered a danger to the community. *Id.*

On June 28, 2006, petitioner filed this petition for *habeas* relief, challenging his continued detention in post-removal-order detention. Petitioner states in his petition that he is subject to a removal order which became final on December 23, 2005 and that he has been in post-removal-order custody pursuant to INA § 241 since that time. He challenges his detention as indefinite and claims that his removal to Haiti is not likely to occur in the reasonably foreseeable future. On July 13, 2006, the court ordered the respondents to respond to this petition.

The respondents have filed a response wherein they argue that petitioner has not demonstrated that his removal is not likely to occur in the reasonably foreseeable future. They point out that Haiti has recently been repatriating Haitians and that the exhibits produced by them indicate Haiti's willingness to issue a travel document for petitioner.

2

## LAW AND ANALYSIS

In *Zadvydas v. Davis*, 121 S.Ct. 2491 (2001), the United States Supreme Court held that in order for post-removal detention under 8 U.S.C. §1231(a)(6) to be constitutional, it must be limited "to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 121 S.Ct. at 2498. The Supreme Court went on to recognize six months as a presumptively reasonable period of detention for INS detainees following a final order of removal. *Zadvydas*, 121 S.Ct. at 2504.

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut this showing. And for the detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Zadvydas,* 121 S.Ct. 2505.

In the matter before this court, Petitioner has been in post-removal-order detention since December 23, 2005, a period greater than six months. However, this does not mean that Petitioner is automatically entitled to release. In order for Petitioner to secure his release from custody, the evidence must demonstrate that he has been detained beyond a period reasonably necessary to bring about his removal from the United States and that there is no significant likelihood of removal in the reasonably foreseeable future. This showing has not been made in this case.

The facts before the court reveal that petitioner's Haitian citizenship is not disputed and that the Consulate General of Haiti has indicated a willingness to issue a travel document for petitioner. *See* Government Exhibit 20. The petitioner has produced no contradictory summary judgment

3

evidence to establish that the Haitian Consulate has declined to issue a travel document for him. To support his assertion that his detention is "illegal and indefinite" petitioner points only to the fact that he has been detained beyond the six-month period recognized as presumptively reasonable by the Supreme Court in *Zadvydas*. However, the Fifth Circuit recently held that conclusory statements such as those offered by petitioner are not sufficient to satisfy the alien's initial burden of demonstrating that there is no significant likelihood of removal in the reasonably foreseeable future. *Andrade v. Gonzales*, — F.3d. — , 2006 WL 2136397, *3 (5th Cir. August 1, 2006).

Furthermore, the court takes judicial notice of the fact that the United States and Haiti have been engaged in negotiations to resume repatriation flights to Haiti since the 2005 elections in Haiti. The records of this court reveal that Haiti has recently begun repatriating its citizens with some regularity and that a significant number of Haitians who have petitioned this court for relief were removed to Haiti during the pendency of their *habeas* petition.[1] Thus, there no longer appears to be an institutional barrier to the removal of Haitian citizens.

Accordingly, this court finds that even though the petitioner has been in post-removal-order detention for more than six months, he has failed to demonstrate that his removal is not likely to occur in the reasonably foreseeable future or that he has been detained beyond what is reasonably

---

[1] *See Pierre-Louis v. Gonzales*, 2:05-cv-2021 (WDLA.) (Removed to Haiti 4/14/2006); *Sainval v. Young*, 2:05-cv-2209 (WDLA) (Removed to Haiti 5/25/2006); *Anock v. Gonzales*, 2:06-cv-13 (WDLA) (Removed to Haiti 4/12/2006); *Menelas v. Young*, 2:06-cv-44 (WDLA) (Removed to Haiti 4/5/2006); *Chevry v. Young,* 2:06-c-v275 (WDLA) (Removed to Haiti 8/14/2006); *Jean-Louis v. Gonzales*, 2:06-cv-316 (WDLA) (Removed to Haiti 7/31/2006); *Datus v. ICE*, 2:06-cv-327 (WDLA) (Removed to Haiti 5/25/2006); *Blanchard v. Chertoff*, 2:06-cv-368 (WDLA) (Removed to Haiti 8/14/2006); *Damas v. Gonzales*, 2:06-cv-452 (WDLA) (Removed to Haiti 7/31/2006); *Louis v. Gonzales*, 2:06-cv-471 (WDLA) (Removed to Haiti 7/31/2006); *Etienne v. Gonzales*, 2:06-cv-489 (WDLA) (Removed to Haiti 5/11/2006); *Jean v. ICE*, 2:06-cv-549 (WDLA) (Removed to Haiti 7/31/2006); *Laurent v. Gonzales*, 2:06-cv-606 (WDLA) (Removed to Haiti 7/31/2006); *Cacius v. Gonzales*, 2:06-cv-639 (WDLA) (Removed to Haiti 7/31/06); *Francis v. Gonzales*, 2:06-cv-823 (WDLA) (Removed to Haiti 7/31/2006); *Jean v. Chertoff,* 2:06-cv-832 (WDLA) (Removed to Haiti 8/14/2006); *Janvier v. ICE*, 2:06-cv-951 (WDLA) (Removed to Haiti 8/14/2006); *Maurice v. Gonzales*, 2:06-cv-959 (WDLA) (Removed to Haiti 7/31/2006); *Jean v. Gonzales*, 2:06-cv-1210 (WDLA) (Removed to Haiti 8/14/2006).

necessary to bring about his removal from the United States.

For this reason,

**IT IS RECOMMENDED** that this petition be **DENIED AND DISMISSED**.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, August 31, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE